{¶ 39} This is a very challenging case to resolve equitably. Michael Mayo suffers from a medical condition which may prevent him from ever returning to full time employment. The trial court found his medical condition to be progressive, causing him to lose more and more function in his lower body. As a result, he receives social security disability payments. His condition could well continue to deteriorate. He wants to return to work. He may not be physically able to do so, now or anytime in the future. *Page 17 
 {¶ 40} I do not believe that either the trial court or this court should punish Michael financially because he wants to be as self-supporting as possible. Further, given the standard of living of the parties during the marriage, he should not be living solely on social security disability payments in six years.
 {¶ 41} The trial court had two options. End spousal support payments on a fixed date or retain jurisdiction to consider what to do about spousal support in the future, when Michael's medical condition is known. Now the exact nature of his medical condition six years in the future is only the subject of speculation. Under the circumstances, I believe the trial court abused its discretion in failing to retain jurisdiction over spousal support indefinitely, rather than risk sinking Michael below the poverty line later.
 {¶ 42} At the time of the divorce, Helen MacMurray was earning close to $200,000 per year as a partner in a major law firm and as a member of Bexley City Council. The $36,000 per year ordered as spousal support leaves her with over 80 percent of her income. She can clearly afford to pay a spousal support order of the magnitude ordered here. Her income can frankly be expected to increase in future years.
 {¶ 43} The parties were married for almost 20 years — 19 years and four months to be exact. They were in a close relationship before they married. I see this as a marriage of long duration under the circumstances and hence not subject to the mandates of Kunkle v.Kunkle (1990), 51 Ohio St.3d 64. I believe Michael Mayo's medical condition also takes this case outside of the mandates ofKunkle.
 {¶ 44} I see no rational explanation for the six year cutoff in the trial court's decision. I think that a fixed cutoff is an abuse of discretion. Therefore, I would sustain the first assignment of error. *Page 18 
 {¶ 45} I also see no reason to order Michael Mayo to pay child support under the circumstances. The visiting judge who heard the case found Helen MacMurray to have law practice income of $180,144 in 2003, $188,406 in 2004 and $192,563 in 2005. In addition, she earned income of $6,300 as a member of Bexley City Council.
 {¶ 46} Forcing Michael Mayo to pay over $6,000 a year in child support, given the economic disparity of the parties, seems to me to be an abuse of discretion. I would sustain the third assignment of error also.
 {¶ 47} Given Michael Mayo's ability to live frugally, I do not see the amount of the spousal support order to be an abuse of discretion although a higher order would have been reasonable given the lifestyle enjoyed during the marriage. Since the children were living with their mother approximately 75 percent of the time, I do not see the failure of the trial court to order child support for the father as an abuse of discretion. Therefore, I would overrule the second and fourth assignments of error, partly because the abuse of discretion standard is so high.
 {¶ 48} Because the other members of this panel reach a different conclusion as to the first and third assignments of error, I respectfully dissent as to their disposition of those assignments of error. *Page 1